### In re WELLING'S ESTATE.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. EXECUTORS AND ADMINISTRATORS — TESTAMENTARY TRUST — DEFICIT — COMPROMISE—AGREEMENT—ALLOWANCE TO EXECUTORS.

An allowance from an estate on accounting to executors of an executor and testamentary trustee, who were his widow and children, was not precluded by their agreement, made on turning over property of such trustee in compromise of his deficit, to pay all legal debts, funeral expenses, etc., against the estate of such trustee, and waiving all claims of his widow and children against his estate for services, since such agreement to pay referred to debts then outstanding, and not to possible future allowances on the accounting, and the waiver did not include an allowance in their representative capacities as executors.

2. SAME—SERVICES.

An allowance to executors, on accounting, for counsel fees and expenses, as authorized by Code Civ. Proc. § 2562, is not an allowance for services.

3. SAME—DISCRETIONARY ALLOWANCE.

Under Code Civ. Proc. § 2562, authorizing an allowance, in the discretion of a surrogate, to an executor or testamentary trustee, on judicial settlement of his accounts, for counsel fees and expenses, it was within the discretion of a surrogate to make such an allowance in favor of executors of an executor and testamentary trustee who had compromised a deficit, though proceedings instituted by residuary legatees for an accounting, which were consolidated with the application of the executors, were brought before such application and compromise.

4. SAME—COMPROMISE OF DEFICIT—ESTOPPEL.

That a deficit of a testamentary trustee was compromised by his executors did not preclude such executors from seeking a judicial settlement of their accounts, under Code Civ. Proc. § 2606, authorizing a voluntary accounting by executors of testamentary trustees for trust property coming to their possession, on an application filed prior to the compromise.

Appeal from surrogate's court, Orange county.

Accounting by Sarah Welling, as executrix and testamentary trustee, and others, as executors of her co-trustee, of the estate of William R. Welling, deceased. From a decree giving allowances to the executors of her co-trustee and to their attorneys, the executrix appeals. On motion for reargument. Denied.

For former opinion, see 64 N. Y. Supp. 1025.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

F. V. Sanford, for appellant.

G. W. McElroy, for respondents.

JENKS, J. We are asked to hear reargument upon the question whether the allowance to the accounting executors, if made, should not be a charge against the estate of Thomas Welling, and not against the estate of William R. Welling. It is again urged that the compromise agreement referred to in our opinion precludes any allowance chargeable against the latter estate, and that proceedings in accounting subsequent to such compromise do not warrant an allowance.

1. The part of the compromise agreement called to our attention reads:

"* * * That all legal debts, funeral expenses, etc. [sic], against the estate of Thomas Welling, deceased, will be paid by them [the executors]; and any and all claims for services which the widow or any child of the said Thomas Welling may have against their father's estate is hereby waived by such widow and child, respectively, in consideration of the foregoing settlement."

The expression, "all legal debts, funeral expenses, etc.," is a familiar term, and was, I think, intended to refer to any debts then outstanding against that estate, so as to free the property of Welling, deceased, turned over in compromise, from liability for such debts. The parties did not, I think, thereby contemplate any possible allowances that in the future might be made in this judicial proceeding. The claims for services of the widow or any child do not refer to allowances made to executors in their representative capacity, even though

the widow or child may be an executor.   Moreover, such an allowance is not made for services.

2. These executors are not accounting as the executors of Thomas Welling, deceased, but as executors of Thomas Welling, deceased, as executor of William R. Welling.   It is true that proceedings for an accounting were instituted by the residuary legatees, and that thereafter the compromise was made, but such proceedings were continued by adjournments until the day of final decree, as meanwhile these executors had applied for a judicial settlement of their accounts, and thereupon the various preceedings were consolidated.   The fact that in January, 1899, there was a compromise of the deficit of the deceased trustee, who died in 1898, did not preclude these present executors from seeking a judicial settlement of their accounts, under section 2606 of the Code of Civil Procedure, upon their petition of August 11, 1898.   This they might do for their own protection.   Redf. Prac. Surr. Cts. (5th Ed.) 742.   The per diem allowance is not, like commissions, a reward or a compensation to the executors for their services, but is made to permit the accounting party to secure legal services and assistance therein without being out of pocket.   I am of opinion that we should not hold that the learned surrogate had no legal right to make such allowance as against the estate of William R. Welling, but that the matter may be left to his sound discretion, within the limits indicated in our opinion.

The motion for reargument should be denied, but without costs. All concur.